# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JONATHAN RANDALL WALTERS,

          Plaintiff,

v.                                    Case No:   6:21-cv-1510-WWB-LRH

STATE OF NEW MEXICO

          Defendant.

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION TO PROCEED *IN FORMA PAUPERIS* (Doc. 7)**
>
> **FILED:**     **October 6, 2021**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED AND THE COMPLAINT DISMISSED WITHOUT PREJUDICE BUT WITHOUT LEAVE TO AMEND**.

## I.  BACKGROUND.

On September 14, 2021, Plaintiff Jonathan Randall Walters, proceeding *pro se*, filed a "Complaint for Violation of Civil Rights" against Defendant State of New

Mexico.   (Doc. 1).   Plaintiff purports to assert a claim under 42 U.S.C. § 1983 for violations of his First, Fourth, Fifth, and Fourteenth Amendment rights.   (*Id.*, at 3). More specifically, Plaintiff alleges that:

> Numerous members of New Mexico State Government including the Attorney General and its officers, the New Mexico Regulation and Licensing Department, NM Dept of Workforce Solutions, and the New Mexico Economic and Development Department have violated plaintiff[']s rights under the US Constitution Amendments 1, 4, 5, and 14 while these State officials were on-duty and being paid by the taxpayers, and acting under the full color of both State law which is governed by the U.S. Constitution.

(*Id.*, at 4).

Under "Statement of Claim," Plaintiff lists 20 purported violations of his constitutional rights, which took place from January 2021 to present, and include that various members of New Mexico government:   harassed Plaintiff and his business partners; engaged in "overt and public defamatory tactics" to destroy Plaintiff's person, businesses, and "green technology invention;" engaged in witness tampering, harassment, and coercion to obtain a fraudulent conviction; illegally confiscated "intellectually derived materials," personal materials, and business related materials; illegally used "fraudulently obtained search and seizure warrants;" confiscated Plaintiff's personal and real property and then sold it to the highest bidder without due process; illegally entered Plaintiff's domicile without a search warrant; manufactured regulations "out of thin air," which were applied retroactively to seek Plaintiff's incarceration; refused to accept Plaintiff's offer of

"full and comprehensive and complete cooperation" and refused to accept Plaintiff's exculpatory evidence; and theft of $15,000 in personal and emergency "locally kept cash." (*Id.*, at 4, 7-8). Plaintiff also alleges, from January 2019 to present, "violation by the NM Economic development Department based upon Plaintiff['}s racial makeup," and "Plaintiff['}s political beliefs and political utterings." (*Id.*, at 8). Finally, Plaintiff alleges "[p]ersecution based upon the violations stated thus far but does not include any other violations discovered during discovery/trial phases." (*Id.*).

For relief, Plaintiff seeks the following: (1) protective services until this situation is resolved; (2) criminal incarceration for all parties determined to be in violation of Federal law; and (3) $125 million in real and punitive damages for damage to his person, his psychological well-being, and to his business and technology. (*Id.*, at 5).

With the complaint, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees (Doc. 2), which the undersigned denied without prejudice on September 23, 2021 for insufficient information. (Doc. 6). Plaintiff has now filed a renewed application, using the "long form" application, which the undersigned has construed as a motion to proceed *in forma pauperis*. (Doc. 7). The motion to proceed *in forma pauperis* has been referred to the undersigned, and the matter is ripe for review.

## II. STANDARD OF REVIEW.

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*.   First, the Court must evaluate the plaintiff's financial status and determine whether he or she is eligible to proceed *in forma pauperis*.   28 U.S.C. § 1915(a)(1).   Second, once the Court is satisfied that the plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief.   *Id.* § 1915(e)(2)(B)(i)– (iii).[1]   A complaint is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Id.*

---

[1] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis. Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.   Moreover, a *pro s*e litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989).

## III.   ANALYSIS.

Upon review of Plaintiff's renewed motion to proceed *in forma pauperis* (Doc. 7), it appears that Plaintiff qualifies as a pauper pursuant to § 1915(a)(1).   However, Plaintiff's complaint suffers from a multitude of deficiencies, any one of which would be sufficient to recommend denial of *in forma pauperis* status and dismissal of the complaint.   The undersigned focuses on the issue of subject matter jurisdiction, which is dispositive.

The lone Defendant named in this case is the State of New Mexico.   (Doc. 1). However, "the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies." *Alabama v. Pugh*, 438 U.S. 781, 781 (1978).   There are two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity. *Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253-54 (2011).   "A State's

consent to suit must be 'unequivocally expressed' in the text of [a] relevant statute." *Sossamon v. Texas*, 563 U.S. 277, 284 (2011) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)). "Waiver may not be implied." *Id.* Likewise, "Congress' intent to abrogate the States' immunity from suit must be obvious from 'a clear legislative statement.'" *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996) (quoting *Blatchford v. Native Vill. of Noatak*, 501 U.S. 775, 786 (1991)).[2]

Neither waiver nor abrogation apply here.  New Mexico has not waived its immunity with respect to civil rights actions under 42 U.S.C. § 1983.  *See Jackson v. New Mexico Pub. Def.'s Off.*, 361 F. App'x 958, 963 (10th Cir. 2010) ("The State of New Mexico has not waived its immunity in civil rights suits [under § 1983]."); *Tafoya v. New Mexico*, 517 F. Supp. 3d 1250, 1273 (D.N.M. 2021) (noting that New Mexico has not waived its Eleventh Amendment immunity in § 1983 civil rights actions).  Nor does Plaintiff allege any such waiver, or point to any statute or unequivocal expression by the State of New Mexico to waive its immunity.  As to abrogation, Plaintiff is alleging a violation of his civil rights, and is proceeding under 42 U.S.C.

---

[2] There is a third manner in which a State can waive its immunity.  Under *Ex Parte Young*, 209 U.S. 123 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.  *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002).  Plaintiff's complaint does not satisfy *Ex Parte Young*, as there are no individual state officer defendants, and Plaintiff does not seek prospective relief – his requests for relief are limited to monetary damages, a request for protection during the pendency of the litigation, and for criminal incarceration of unknown individuals.

§ 1983.   (Doc. 1, at 3).    However, "Congress has not abrogated eleventh amendment immunity in section 1983 cases."    *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)).   *See also Tafoya*, 517 F. Supp. 3d at 1273 ("Congress did not abrogate, however, Eleventh Amendment immunity when enacting 42 U.S.C. § 1983.").[3]   Given that the State of New Mexico is immune from suit, the Court lacks subject matter jurisdiction over this case.

Even if Plaintiff were able to establish that the State of New Mexico was not immune from suit, Plaintiff also has not shown that venue is proper in this Court. The federal statute governing venue for civil actions brought in United States District Courts reads, in pertinent part, as follows:

A civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

---

[3] Although Plaintiff brings this case solely against the State of New Mexico, he alludes to numerous purported state entities, and/or employees/officials.   Eleventh Amendment immunity would extend to such entities and persons as well.   *See Hull v. State of New Mexico Tax'n and Revenue Dep't's Motor Vehicle Div.*, 179 F. App'x 445, 446 (10th Cir. 2006) ("It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits.").

> (3) if there is no district in which an action may otherwise be brought
> as provided in this section, any judicial district in which any defendant
> is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, the complaint lists Defendant's address as "490 Old Santa Fe Trail, Santa Fe, NM 87501." (Doc. 1, at 2). Thus, it appears that no defendant is a resident of Florida (the state in which this Court is located). *See id.* § 1391(b)(1). Moreover, to the extent the complaint provides any detailed facts, they all relate to events, acts, and/or omissions that took place in New Mexico, and to property situated in New Mexico. *See id.* § 1391(b)(2). Last, Plaintiff has alleged no facts that would even suggest that this Court would have personal jurisdiction over the State of New Mexico. *See id.* § 1391(b)(3). Accordingly, Plaintiff's complaint fails to establish that venue is proper in this Court.[4]

Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject matter jurisdiction on which relief could be granted. *See Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). However, in this case, any amendment would be futile, as the Court does not have

---

[4] It is possible that Plaintiff filed suit in this Court because he is now residing in Florida. *See* Doc. 3. However, it is not the residence of the Plaintiff that determines venue, but rather the residence of the Defendant. Thus, if the Court declines to adopt my recommendation to dismiss this case without prejudice for lack of subject matter jurisdiction and without leave to amend, the undersigned alternatively recommends that this case be transferred to the District of New Mexico for all further proceedings. *See* 28 U.S.C. § 1404(a).

subject matter jurisdiction over this case, and there are no allegations Plaintiff could assert that would cure these deficiencies.   Thus, the undersigned will recommend that this case be dismissed without prejudice, but without leave to amend.   *Cox v. Mills*, 465 F. App'x. 885, 889 (11th Cir. 2012) ("[T]he court need not grant leave where the amendment would be futile.   An amendment is futile where the complaint as amended would still be subject to dismissal.") (citation omitted).   *See also Grimes v. Florida*, 71 F. Supp. 3d 1319 (M.D. Fla. 2014) (dismissing *pro se* complaint without prejudice but without leave to amend where plaintiff alleged a host of civil rights claims against the State of Florida because the constitutional claims were barred by Eleventh Amendment immunity, and thus amendment would be futile); *Acrhuleta-Allodial v. New Mexico*, No. 1:19-cv-00084-WJ-JFR, 2019 WL 3358696 (D.N.M. July 25, 2019) (dismissing *pro se* case against State of New Mexico without prejudice and denying motion to proceed *in forma pauperis* where the court lacked jurisdiction over the claims due to Eleventh Amendment immunity); *Spencer v. New Mexico*, No. 16-cv-841 MCA/KK, 2017 WL 3835939 (D.N.M. August 31, 2017) (dismissing without prejudice for lack of subject matter jurisdiction case against the State of New Mexico and various state actors because Eleventh Amendment immunity applied).

## IV.    RECOMMENDATION.

For the reasons stated herein, I **RESPECTFULLY RECOMMEND** that the Court:

1.    **DENY without prejudice** the renewed motion to proceed *in forma pauperis* (Doc. 7); and

2.    **DISMISS** the complaint without prejudice, but without leave to amend (Doc. 1).

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 17, 2021.

**LESLIE R. HOFFMAN**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party